UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
BEAUMONT H. CHRISMER,
    Debtor.                                                No. 7-07-10201 SL

KIERAN F. RYAN,
    Plaintiff,
v.                                                       Adv. No. 07-1160 S

JOHN ANDREWS,
d/b/a Native Jackets, Etc.
    Defendant.

## MEMORANDUM OPINION ON SECTION 547(c)(9) DEFENSE

This matter came before the Court for trial on the merits of Trustee's preference complaint against John Andrews d/b/a Native Jackets, Etc. The Trustee/Plaintiff is self-represented. Defendant appeared through his attorney Gary B. Ottinger. This is a core proceeding. 28 U.S.C. § 157(b)(2)(F).

Because the Court finds below that Defendant has a complete defense under 11 U.S.C. § 547(c)(9), it does not need to address the elements of preferential transfer or any other defenses. Section 547(c)(9) states:

> (c) The trustee may not avoid under this section a transfer-...
> (9) if, in a case filed by a debtor whose debts are not primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $5,000.[1]

**FINDINGS OF FACT**

---

[1] Debtor filed her chapter 7 petition on January 30, 2007. Main Case, doc 1. Therefore the Trustee is subject to the defense of §547(c)(9) in the amount of $5,000. For cases commenced on or after 1 April 07 the amount was increased to $5475. See 11 U.S.C. § 104(b).

The facts are not generally disputed. Defendant sold merchandise to the Debtor and was not paid. Defendant does not claim that he has a security interest and introduced no evidence of perfection of any interest at trial, so the Court assumes that this was an unsecured transaction. During the preference period Viola Montoya, a co-owner of Native Jackets, Etc., arrived at Debtor's store claiming she had legal papers that allowed her the right to retrieve the merchandise Defendant sold to Debtor and, if there was not enough left to pay the balance in full, to take other merchandise such that Native Jackets, Etc. would be paid in full. Debtor's employee acquiesced in Ms. Montoya's demands and took an inventory while the two of them loaded the goods into Ms. Montoya's car. All parties agree that Exhibit 1 is an accurate list of the goods taken. All parties agree that the retail value of the goods taken was $8,404.95. Debtor testified that her cost was one-half retail, suggesting that she paid approximately $4,202 for the goods taken.

Plaintiff did not put on evidence of the liquidation value. Defendant testified that, in his experience in this industry, the liquidation value of merchandise is one-third to one-half the wholesale value. The Court finds that the liquidation value is less than or equal to the cost or wholesale value.

Debtor's petition indicated that her debts were primarily business debts. She testified that this was true, and the Trustee conceded this was true.

**DISCUSSION**

Plaintiff urges the Court to value the transfer at retail. He claims that this is the fair market value of the goods, and that Defendant will be able to resell the merchandise in its own store in Santa Fe for the retail value. Defendant, naturally, urges the Court to use the wholesale or cost value, or even the liquidation value.

The Court finds that, at a maximum, the goods should be valued at wholesale value rather than retail value, and that value is $4,202.[2] This was the price that the parties negotiated with each other at arms length when Debtor first ordered the goods from Defendant. There is no evidence that the value of the goods changed significantly in the time between when they were ordered and when they were repossessed by Ms. Martinez for Defendant. While it might be the case that, in Defendant's store in Santa Fe, the goods might sell at retail for as much as $8,405, as the Trustee argues, that possibility is only that, a possibility. Indeed, the same possibility existed for Debtor's

---

[2] Since wholesale value of the goods is $4,202, and therefore triggers the defense of §549(c)(9), it is not necessary for the Court to decide whether the lower liquidation value would be appropriate.

Case 07-01160-s    Doc 63    Filed 09/23/08    Entered 09/23/08 15:35:40 Page 3 of 7

store in Cloudcroft; presumably the goods could have sold for their retail value there as well. To realize that higher value at either location would have required having in place the entire marketing or selling apparatus that a retail operation entails, including a pleasant location, sales staff, perhaps advertising, adequate time for enough customers to consider the merchandise, etc. On the other hand, the wholesale cost is what the goods could be and were transferred for "as is".

This is consistent with the notion that at least one purpose of the preference section of the Code is to restore to the estate the value it had prior to the transfer at issue. See In re Classic Drywall, Inc., 127 B.R. 874, 876 (D. Kans. 1991) (applying §550(a)).[3] What Debtor had on the date of the transfer was the clothing for sale, for which she had promised to pay $4,202; she had not realized the higher sale price.

Further, the mere fact that Defendant may be able to obtain a higher price for the goods by means of his location, his marketing expertise, his additional inventory needed to realize the maximum sale prices for the goods, etc., does not mean that that potential extra value should accrue to the estate. The case of Active Wear, Inc. v. Parkdale Mills, Inc. (In re Active Wear,

---

[3] One of the issues in Classic Drywall was whether, pursuant to §550, return of the goods (drywall) or a monetary award should have been ordered by the trial court. In this case, no one suggests the return of the goods to the Trustee.

Page -4-

Inc.), 331 B.R. 669 (W.D. Va. 2005) involved a similar fact pattern. Active Wear's primary business was turning yarn into cloth. Id. at 670. Shortly before an involuntary bankruptcy was filed against Active Wear it returned a substantial amount of yarn to Parkdale Mills. Id. Active Wear consented to Title 11 relief and converted the case to chapter 11 and attempted to avoid the transfer to Parkdale Mills as preferential. Id. The Bankruptcy Court found that Parkdale Mills had to pay the liquidation value of the returned yarn to the estate. Id. Active Wear appealed to the District Court, claiming that the yarn's fair market price was that which Parkdale Mills could obtain reselling the yarn. Id. at 670-71. Relying on Virginia National Bank v. Woodson (In re Decker), 329 F.2d 836, 840 (4th Cir. 1964), a Bankruptcy Act case, the District Court affirmed on appeal. Id. at 671.

> In Decker, the Fourth Circuit held that a transfer made before the debtor files for bankruptcy may be avoided if it depletes the estate of the bankrupt. Furthermore, the Decker opinion held that the value which must be returned to the debtor is the amount that was depleted from the bankrupt's estate. On this point, the Decker opinion stated:
>
>> The fact that there was a preference which involved a depletion of the bankrupt's estate to some undisclosed extent does not necessarily require that the preferred creditor shall return all that he has received unless the amount of depletion is at least equal to the amount so received. The test is not what the creditor receives but what the bankrupt's estate has lost. It is the diminution of the bankrupt's estate, not the unequal payment to creditors, which is the

Case 07-01160-s    Doc 63    Filed 09/23/08    Entered 09/23/08 15:35:40 Page 5 of 7

>     evil sought to be remedied by the avoidance of a
>     preferential transfer, 329 F.2d at 840.[4]

<u>Active Wear</u>, 331 B.R. at 671.

<u>Active Wear</u> and <u>Decker</u> both seem to be good law because they make economic sense. In neither case had the Debtor realized the full value of the returned merchandise. It would have been unfair to reward the estates at the expense of the debtors, who in each case had to retake the merchandise and exert efforts to resell at the higher price in order to realize that higher value.

**<u>CONCLUSIONS OF LAW</u>**

1)  Debtor is a debtor whose debts are not primarily consumer debts.

2)  The value of the property returned was, at most, $4,202.

3)  Plaintiff cannot recover a preference in this case unless it exceeds $5,000. 11 U.S.C. § 547(c)(9).

4)  The Court will enter judgment for Defendant.

              _____
              Honorable James S. Starzynski
              United States Bankruptcy Judge

Date Entered on Docket: September 23, 2008

---

[4] The Court questions this last statement about the unequal payment of creditors not being an evil sought to be remedied by the statute. In this context, however, it does not make a difference.

copies to:

Kieran F Ryan
Ryan Law Office
PO Box 26
Las Cruces, NM 88004-0026

Gary B Ottinger
PO Box 1782
Albuquerque, NM 87103-1782

George E. Adelo
430 Alta Vista
Santa Fe, NM 87501